1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

PATRICK WILLIAMS,

                Plaintiff,

   v.

DEPARTMENT OF CORRECTIONS,
et. al.,

                Defendants.
_____/

CV F  06-1793  OWW NEW (DLB) P

ORDER DIRECTING CLERK OF COURT TO
RETURN LODGED AMENDED COMPLAINT
TO PLAINTIFF

ORDER DIRECTING CLERK OF COURT TO
SEND PLAINTIFF BLANK CIVIL RIGHTS
FORM

ORDER DISMISSING AMENDED
COMPLAINT WITH LEAVE TO AMEND
(Doc. 8.)

    Patrick Williams ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

    Plaintiff filed the instant action on December 11, 2006, naming Corcoran State Prison Staff Hospital as Defendants.  The complaint consists of one hundred thirty one (131) pages of pure narrative with medical documents interspersed throughout.

    On February 23, 2007, Plaintiff filed an Amended Complaint that names the Department of Corrections and Folsom State Prison as Defendants.  This document consists of one hundred ten (110) pages.   In the section of the Amended Complaint where the Plaintiff is to state his claims for relief,  Plaintiff merely makes an argument that his Motion to Amend should be granted and then refers to several attachments as evidence of his claims for relief.  However, nowhere in the document does plaintiff list each claim for relief or provide a brief statement of

1  facts as evidence of the alleged constitutional violations.[1]

2      On March 6, 2007, Plaintiff attempted to file yet another Amended Complaint but

3  because Plaintiff did not have permission, the document was lodged, rather than filed with the

4  Court.  This document is also quite lengthy and does not clearly list each constitutional claim for

5  relief or provide a statement of facts in support of the claim for relief.   It too, is largely exhibits

6  in the form of medical documents.

7      As indicated above, Plaintiff did not have permission to file the Second Amended

8  Complaint.  However, the Court has examined all complaints filed by Plaintiff and has concluded

9  that they do not state cognizable claims for relief and dismissal with leave to amend is necessary.

10  The Court will provide Plaintiff with the relevant law so that when he files an authorized

11  "Second Amended Complaint" he can frame his allegations clearly.

12  *A.  Screening Requirement*

13      The court is required to screen complaints brought by prisoners seeking relief against a

14  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

15  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

16  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

17  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

18  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

19  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

20  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

21      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

22  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

23  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,

24  467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

25  _____

26  [1]A plaintiff may amend his complaint once "as a matter of course," and without leave of Court, before a
response has been filed under Federal Rule of Civil Procedure 15(a).  Fed.R.Civ.P. 15(a);  Bonn v. Calderon, 59

27  F.3d 815, 845 (9th  Cir. 1995).  Leave of Court is required for all other amendments.  Rule Civ. P. 15(a).  While
the Court should freely give leave to amend if justice requires, the Court may deny leave to amend if the amendment

28  would be futile or subject to dismissal.  Bonn, 59 F.3d at 845; Saul v. United States, 928 F.2d 829, 843 (9th Cir.
1991).

1   <u>Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

2   complaint under this standard, the court must accept as true the allegations of the complaint in

3   question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the

4   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

5   <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

6   ***B.  Linkage Requirement***

7        The Civil Rights Act under which this action was filed provides:

8             Every person who, under color of [state law] . . . subjects, or causes
             to be subjected, any citizen of the United States . . . to the
9             deprivation of any rights, privileges, or immunities secured by the
             Constitution . . . shall be liable to the party injured in an action at
10            law, suit in equity, or other proper proceeding for redress.

11   42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between

12   the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u>

13   <u>Monell v.  Department of Social Services</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362

14   (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

15   constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

16   in another's affirmative acts or omits to perform an act which he is legally required to do that

17   causes the deprivation of which complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th

18   Cir. 1978).  In order to state a claim for relief under section 1983, plaintiff must link each named

19   defendant with some affirmative act or omission that demonstrates a violation of plaintiff's

20   federal rights.

21        In amending his Complaint Plaintiff should attempt to name *individuals* who allegedly

22   violated his constitutional rights.  Neither the prison where Plaintiff is confined or the California

23   Department of Corrections is a "person" within the meaning of Section 1983.  <u>See</u>, <u>Alabama v.</u>

24   <u>Pugh</u>, 438 U.S. 781, 782 (1788) (*per curiam*) (concluding that the suit against the state Board of

25   Corrections was barred by the Eleventh Amendment; <u>Hale v. Arizona</u>, 993 F.2d 1387, 1398-99

26   (9th Cir. 1993 (*en banc*) )concluding that the Arizona Department of Corrections was an arm of

27   the state and thus, not a person for § 1983 purposes); <u>Gilbreath v. Cutter Biological, Inc.</u>, 931

28   F.2d 1320, 1327 (9th Cir. 1991 (same);  <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir.1989)

1   (holding that a state agency is immune from suit under the Eleventh Amendment)

2   **C.  Rule 8(a) & Evidence**

3         A plaintiff's complaint must satisfy the requirement of Federal Rule of Civil Procedure

4   8(a), which calls for a "short and plain statement of the claim showing that the pleader is entitled

5   to relief."  Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only

6   give the opposing party fair notice of a claim.  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).

7   Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely

8   upon at trial, but only a statement sufficient to "give the defendant fair notice of what the

9   plaintiff's claim is and the grounds upon which it rests."  <u>Id</u>. at 47.

10        In this instance, Plaintiff's Complaint and Amended Complaint do not comply with Rule

11  8(a).  The Complaints exceed one hundred pages, consist of pure narrative and exhibits and do

12  not list each individual claims for relief or provide a short statement of facts that support the

13  claims.  The Court cannot review each piece of evidence and try to make a determination what

14  the claim for relief is, that is the Plaintiff's responsibility.

15        Further, it is inappropriate to attach exhibits to a complaint.  <u>See</u> Rule 8, Federal Rules of

16  Civil Procedure.  The Court cannot serve as a repository for the parties' evidence.  Originals or

17  copies of evidence (i.e., prison or medical records, witness affidavits, etc.) should not be

18  submitted until the course of litigation brings the evidence into question (for example, on a

19  motion for summary judgment, at trial, or when requested by the court).   At this point, the

20  submission of evidence is premature as the Plaintiff is only required to state a prima facie claim

21  for relief.  In Amending the Complaint for a second time, Plaintiff should refrain from submitting

22  exhibits and attachments.  All that is required is a statement of the claim and a short statement of

23  the facts that give rise to that claim for relief.

24  **D.  Applicable Law**

25        **1.  ADA/RA**

26        Title II of the Americans with Disabilities Act (ADA) and § 504 of the Rehabilitation Act

27  (RA) "both prohibit discrimination on the basis of disability."  <u>Lovell v. Chandler</u>, 303 F.3d

28  1039, 1052 (9th Cir. 2002).  Title II of the ADA provides that "no qualified individual with a

1   disability shall, by reason of such disability, be excluded from participation in or be denied the

2   benefits of the services, programs, or activities of a public entity, or be subject to discrimination

3   by such entity." 42 U.S.C. § 12132. Section 504 of the RA provides that "no otherwise qualified

4   individual with a disability . . . shall, solely by reason of her or his disability, be excluded from

5   the participation in, be denied the benefits of, or be subjected to discrimination under any

6   program or activity receiving Federal financial assistance . . . ." 29 U. S. C. § 794. Title II of the

7   ADA and the RA apply to inmates within state prisons. Pennsylvania Dept. of Corrections v.

8   Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th

9   Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996).

10      "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a

11  qualified individual with a disability; (2) [he] was excluded from participation in or otherwise

12  discriminated against with regard to a public entity's services, programs, or activities; and (3)

13  such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052.

14  "To establish a violation of § 504 of the RA, a plaintiff must show that (1) [he] is handicapped

15  within the meaning of the RA; (2) [he] is otherwise qualified for the benefit or services sought;

16  (3) [he] was denied the benefit or services solely by reason of [his] handicap; and (4) the program

17  providing the benefit or services receives federal financial assistance." Id.

18          *2. Eighth Amendment Medical*

19  A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment

20  unless the mistreatment rises to the level of "deliberate indifference to serious medical needs."

21  Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an

22  objective and a subjective prong. First, the alleged deprivation must be, in objective terms,

23  "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (*citing* Wilson v. Seiter, 501

24  U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of

25  mind," which entails more than mere negligence, but less than conduct undertaken for the very

26  purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a

27  deliberately indifferent manner unless the official "knows of and disregards an excessive risk to

28  inmate health or safety." Id.

1    In applying this standard, the Ninth Circuit has held that before it can be said that a

2  prisoner's civil rights have been abridged, "the indifference to his medical needs must be

3  substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

4  cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), *citing*

5  Estelle, 429 U.S. at 105-06.  "[A] complaint that a physician has been negligent in diagnosing or

6  treating a medical condition does not state a valid claim of medical mistreatment under the

7  Eighth Amendment.  Medical malpractice does not become a constitutional violation merely

8  because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v.

9  County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050

10  (9th Cir. 1992), *overruled on other grounds*, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136

11  (9th Cir. 1997) (en banc).  Even gross negligence is insufficient to establish deliberate

12  indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.

13  1990).

14  **D.  Conclusion**

15    The Court finds that Plaintiff's complaint does not contain any claims upon which relief

16  can be granted under § 1983 against any of the Defendants.  The Court will provide Plaintiff with

17  time to file a Second Amended Complaint curing the deficiencies identified above should he

18  wish to do so.

19    Plaintiff must demonstrate in the Amended Complaint how the conditions complained of

20  resulted in a deprivation of his constitutional rights.  See, Ellis v.  Cassidy, 625 F.2d 227 (9th Cir.

21  1980).  The Amended Complaint must specifically state how each Defendant is involved.

22  Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

23  connection between a defendant's actions and the claimed deprivation.  Rizzo v.  Goode, 423,

24  U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.  1980); Johnson v.  Duffy, 588

25  F.2d 740, 743 (9th Cir.  1978).

26    Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint

27  be complete in itself without reference to any prior pleading.  As a general rule, an Amended

28  Complaint supersedes the original complaint.  See Loux v.  Rhay, 375 F.2d 55, 57 (9th Cir.

1967).  Once an Amended Complaint is filed, the original Complaint no longer serves any function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The Amended Complaint should be clearly and boldly titled "SECOND AMENDED COMPLAINT," reference the appropriate case number, and be an original signed under penalty of perjury.

*E.  Order*

The Court HEREBY ORDERS:

1.      The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;

2.      The Clerk of Court is DIRECTED to RETURN the lodged Amended Complaint submitted on March 6, 2007, to Plaintiff.

3.      The Amended Complaint is DISMISSED with leave to amend.  WITHIN THIRTY (30) days from the date of service of this order, Plaintiff SHALL:

   a.      File a Second Amended Complaint curing the deficiencies identified by the Court in this Order, or

   b.      Notify the Court in writing that he does not wish to file an Second Amended Complaint and pursue the action but instead wishes to voluntary dismiss the case. <u>See</u>, Fed.R.Civ.P. 41(a)(1).

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:    April 19, 2007            /s/ Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE