**JWB**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

Patrick Williams,  ) No. CV 1-06-1793-RCC
      Plaintiff,  ) **ORDER**
vs.  )
Department of Corrections, et al.,  )
      Defendants.  )

## I.  Background

Patrick Williams, who is confined in the Folsom State Prison in Represa, California, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. # 1).  Before the Court screened the Complaint, Plaintiff filed two amended complaints (Doc. ## 5, 8).  United States Magistrate Judge Dennis L. Beck issued an Order (Doc. # 13) dismissing the Amended Complaint pursuant to Federal Rule of Civil Procedure 8(a) and for failure to state a claim and providing Plaintiff an opportunity to file a second amended complaint that cured the many deficiencies identified in the Order.  Plaintiff did not file a second amended complaint within the requisite time period, and Magistrate Judge Beck issued a Findings and Recommendations (F&R) that recommended dismissing this action for failure to comply with a court order (Doc. # 14).  Plaintiff did not file objections to the F&R, but lodged a Second Amended Complaint after the time for filing objections had expired.  Magistrate Judge Beck

nonetheless vacated the F&R and ordered that the Second Amended Complaint be filed (Doc. ## 16-17).

This case was reassigned to the undersigned judge on November 26, 2008 (Doc. # 19). By Order dated February 3, 2009, the Court dismissed Plaintiff's Second Amended Complaint for again failing to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure (Doc. # 24). The Court explicitly stated:

> Second Amended Complaint fails to correct the deficiencies outlined in Magistrate Judge Beck's April 20 2007 Order and does not comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Plaintiff's Second Amended Complaint is nothing more than a lengthy narrative. The Court cannot meaningfully evaluate the Second Amended Complaint, as required by 28 U.S.C. § 1915A(a). Accordingly, the Court will dismiss the Second Amended Complaint with **one final opportunity** to amend.
>
> ***
>
> If Plaintiff files a third amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct.

(Doc. # 24 at 2-3). Plaintiff has now filed a Third Amended Complaint (Doc. # 25).[1]

**II.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the

---

[1] Plaintiff's interlocutory appeal challenging the F&R (Doc. # 14) has been dismissed for lack of jurisdiction (Doc. # 26). Plaintiff has also filed another objection to the F&R (Doc. # 28). These objections are untimely and incoherent.

1 allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint
2 before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000)
3 (*en banc*).  Plaintiff's Third Amended Complaint will be dismissed without leave to amend.

4 **III.     Third Amended Complaint**

5       Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement
6 of the claim."  Fed. R. Civ. P. 8(a)(2).  Rule 8(d)(1) states that "[e]ach allegation must be
7 simple, concise, and direct."  A complaint having the factual elements of a cause of action
8 scattered throughout the complaint and not organized into a "short and plain statement of the
9 claim" may be dismissed for failure to satisfy Rule 8(a).  See Sparling v. Hoffman Constr.
10 Co., 864 F.2d 635, 640 (9th Cir. 1988); see also McHenry v. Renne, 84 F.3d 1172 (9th Cir.
11 1996).  It is not the responsibility of the Court to review a rambling narrative in an attempt
12 to determine the number and nature of a plaintiff's claims.

13       In addition, to state a valid claim under § 1983, plaintiffs must allege that they
14 suffered a specific injury as a result of specific conduct of a defendant and show an
15 affirmative link between the injury and the conduct of that defendant.  See Rizzo v. Goode,
16 423 U.S. 362, 371-72, 377 (1976).  To state a claim against a supervisory official, the civil
17 rights complainant must allege that the supervisory official personally participated in the
18 constitutional deprivation or that the supervisory official was aware of widespread abuses
19 and, with deliberate indifference to the inmate's constitutional rights, failed to take action to
20 prevent further misconduct.  See Ortez v. Washington County, 88 F.3d 804, 809 (9th Cir.
21 1996); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); King v. Atiyeh, 814 F.2d 565,
22 568 (9th Cir. 1987); see also Monell v. New York City Department of Social Services, 436
23 U.S. 658, 691-92 (1978).  There is no *respondeat superior* liability under § 1983, and
24 therefore, a defendant's position as the supervisor of persons who allegedly violated a
25 plaintiff's constitutional rights does not impose liability.  Monell, 436 U.S. at 691-92; Taylor,
26 880 F.2d at 1045.

27       Despite specific instructions from Magistrate Judge Beck and the undersigned,
28 Plaintiff's Third Amended Complaint remains an incoherent and jumbled narrative that

cannot be meaningfully reviewed by the Court.  Additionally, Plaintiff still fails to articulate the specific acts of Defendants that Plaintiff believes gives rise to constitutional violations.

Plaintiff's Third Amended Complaint remains woefully deficient and fails to comply with Rule 8 of the Federal Rules of Civil Procedure.  The Court will dismiss it.

### IV. Dismissal without Leave to Amend

Leave to amend need not be given if a complaint as amended is subject to dismissal. Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989).  The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint.  See Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996).  Failure to cure deficiencies by previous amendments is one of the factors to be considered in deciding whether justice requires granting leave to amend. Moore, 885 F.2d at 538.

Plaintiff has made three efforts at crafting a viable complaint.  Plaintiff apparently gave little heed to, or was unable to comply with, the Court's instructions.  Further opportunities would be futile.  Therefore, the Court, in its discretion, will not grant Plaintiff further leave to amend and will dismiss the Third Amended Complaint without leave to amend.

**IT IS ORDERED** that the Third Amended Complaint (Doc. # 25) is **dismissed with prejudice** for failure to comply with Rules 8 of the Federal Rules of Civil Procedure.  The Clerk of Court must enter judgment accordingly and close this case.

DATED this 5th day of June, 2009.

Raner C. Collins
United States District Judge